J-S19012-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICK ANDREW CURRY | : | |
| | : | |
| Appellant | : | No. 1429 WDA 2025 |

Appeal from the Judgment of Sentence Entered August 26, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001822-2023

BEFORE:   SULLIVAN, J., NEUMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED: July 14, 2026**

Rick Andrew Curry ("Curry") appeals from the judgment of sentence imposed following his open guilty plea to criminal solicitation to commit sexual abuse of children, photographing, videotaping, filming, or depicting sexual acts of children, corruption of minors, six counts of unlawful contact with a minor, and two counts of disseminating explicit sexual material to a minor.[1] Because Curry's discretionary sentencing claims are meritless, we affirm.

A detailed recitation of the underlying facts is unnecessary for this appeal.  We briefly note that in April 2025, Curry entered an open guilty plea to the above-listed offenses.   The charges arose from Curry's online communications with M.M., a twelve-year-old girl, through Snapchat.   The

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 902(a), 6312(b), 6301, 6318(a), 5903(c)(1).

facts elicited at the guilty plea showed that Curry, who knew M.M. was a minor, contacted her at least six times and "commanded, encouraged, or requested" her to produce child sexual abuse material in the form of sexually explicit photographs. N.T., 4/7/25, at 5-6. Curry also sent two sexually explicit photographs of his penis to M.M. *See id*. at 6.

The sentencing court reviewed a presentence investigation report ("PSI"), and Curry and the Commonwealth agreed to the applicable sentencing guidelines. *See* N.T., 8/26/25, at 1-4.[2] The court explained it had considered the sentencing guidelines, the sentencing code factors specified in 42 Pa.C.S.A. § 9721(b), and the facts and circumstances of the case. *See id*. at 30-31. The court acknowledged Curry accepted responsibility and spared the victim and the victim's family from having to testify at trial. *See id*. at 31. However, the court emphasized Curry's prior conviction for similar conduct, the seriousness of technology-facilitated sexual abuse, the victim's vulnerability, the need to protect minors, and the need to deter any future offenses. *See id*. at 31-32.

The court imposed standard-range sentences on each count: forty-two to eighty-four months of imprisonment for solicitation to commit sexual abuse of children, forty-two to eighty-four months for photographing sexual acts of children; twelve to twenty-four months for corruption of minors; twelve to sixty months for each of the six unlawful contact with a minor offenses; and

_____

[2] The 7th Edition, Amendment 6 of the Sentencing Guidelines applied because Curry's underlying conduct occurred in 2021.

sixteen to sixty months for each of the two dissemination of explicit sexual material to a minor offenses. **See** Order, 8/26/25, at 1-6. The court ordered the sentences to run consecutively, resulting in an aggregate sentence of two hundred to six hundred seventy-two months of imprisonment, followed by thirty-six months of re-entry. **See id**. at 6.[3]

Curry filed a timely post-sentence motion challenging the consecutive structure of his sentence and the court's decision to impose sentences at or near the top of the standard range. The court denied the motion. Curry timely appealed.

Curry raises the following issues for our review:

1. Whether the trial court abused its discretion by sentencing [] Curry consecutively for each criminal charge to an aggregate sentence of two hundred months to six hundred seventy-two . . . months, followed by thirty-six . . . months consecutive re-entry supervision, where there was mitigating information provided to the trial court at the sentencing hearing, including, but not limited to, the fact that [] Curry's prior charges are not near in time to the allegations in this matter (being that his prior charges were from 2007), that current charges are different in nature to prior charges, [] Curry's consistent employment record, [] Curry's acceptance of responsibility in entering guilty pleas, that the victim was spared from having to testify in this matter due to said guilty pleas, and that the SORNA registration itself creates accountability and additional safeguards to the named victim and society as a whole.

2. Whether the trial court abused its discretion by sentencing [] Curry to an aggregate sentence of two hundred . . . months to six

---

[3] The court also determined Curry was not RRRI eligible and gave him credit for time served. **See** N.T., 8/26/25, at 6-7.

hundred seventy two . . . months, followed by thirty-six . . . months consecutive re-entry supervision, where the evidence presented at the sentencing hearing tended to show that it was inappropriate to sentence him at or near the top of his standard range of the standard sentencing guidelines at Counts 1, 2, 3, 22, and 23 as there was mitigating information provided to the trial court at the sentencing hearing, including, but not limited to, the fact that the [] Curry's prior charges are not near in time to the allegations in this matter (being that his prior charges were from 2007), that current charges are different in nature to prior charges, [] Curry's consistent employment record, [] Curry's acceptance of responsibility in entering guilty pleas, that the victim was spared from having to testify in this matter due to said guilty pleas, and that the SORNA registration itself creates accountability and additional safeguards to the named victim and society as a whole.

Curry's Brief at 4-5 (unnecessary capitalization omitted).

Curry's issues challenge the discretionary aspects of his sentence. "[C]hallenges to the discretionary aspects of sentence do not entitle an appellant to an appeal as of right." *Commonwealth v. Perzel*, 291 A.3d 38, 46 (Pa. Super. 2023). Before reaching the merits of a discretionary sentencing claim, we conduct a four-part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code. *See id*. A substantial question exists only where an appellant advances a colorable argument that the sentence violates a specific provision of the Sentencing Code or a fundamental norm

underlying the sentencing process. *See Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011).

Curry timely appealed, preserved his claims in a post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. Thus, we consider whether he raises a substantial question.

Curry argues the trial court imposed an excessive aggregate sentence by running all sentences consecutively and by sentencing him at or near the top of the standard range. *See* Curry's Brief at 4-5. He also asserts the court failed to give adequate weight to the mitigating evidence. *See id*. The decision to impose consecutive rather than concurrent sentences generally does not raise a substantial question. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014); *see also Commonwealth v. Moury*, 992 A.2d 162, 171-72 (Pa. Super 2010). However, an excessive sentence claim combined with an assertion that the court failed to consider mitigating factors can raise a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). Accordingly, we will consider the merits of Curry's sentencing claims.

Our standard of review is well established:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

When imposing sentence, the trial court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Further, where the sentencing court has the benefit of a PSI, we presume the court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. *See Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988); *see also Commonwealth v. Akhmedov*, 216 A.3d 307, 329 (Pa. Super. 2019) (*en banc*).

Where a sentence falls within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See Moury*, 992 A.2d at 171. When a defendant is sentenced within the appropriate sentencing guidelines, this Court may only vacate the sentence and remand the case "where the application of the guidelines would be clearly unreasonable." *See* 42 Pa.C.S.A. § 9781(c)(2). In determining whether a sentence is clearly unreasonable,

> we are guided by the considerations listed in 42 Pa.C.S.[A.] § 9781(d) – that is, the nature and circumstances of the offense and the history and characteristics of the defendant; the opportunity of the sentencing court to observe the defendant, including any presentence investigation; the findings upon which the sentence was based; and the recommendations of the Sentencing Guidelines – and we review whether the trial court properly considered the sentencing factors outlined in 42

> Pa.C.S.[A.] § 9721(b) – the protection of the public, the gravity of the offense with respect to the victim and the community, and the rehabilitative needs of the defendant.

*Commonwealth v. Campbell*, 347 A.3d 707, 721 (Pa. Super. 2025), *appeal denied*, 2026 WL 1002240 (Pa. 2026).

Curry first argues the court abused its discretion by imposing all sentences consecutively, gave excessive weight to his prior conviction, and failed to account for mitigating factors. *See* Curry's Brief at 13-17.

Here, the trial court considered the PSI, the sentencing guidelines, the sentencing factors, the victim-impact evidence, and the facts and circumstances of Curry's offenses. *See* N.T., 8/26/25, at 30-32. The court expressly acknowledged the mitigation Curry emphasizes on appeal, including his acceptance of responsibility and the fact that his guilty plea spared the victim and her family from trial testimony. *See id*. at 31. Nevertheless, the court concluded a substantial sentence was necessary because Curry had a prior conviction for similar conduct, the instant offenses caused serious harm, and the sentence needed to serve punishment, deterrence, and the protection of minors. *See id*. at 31-32.

After careful review, we determine the trial court did not abuse its discretion by sentencing Curry consecutively. *See Raven*, 97 A.3d at 1255 (explaining a sentencing court does not abuse its discretion merely because it weighs sentencing factors differently than the appellant prefers); *see also Moury*, 992 A.2d at 171. Curry pleaded guilty to eleven offenses involving repeated online sexual exploitation of a minor. *See* N.T., 4/7/25, at 5-6. The

court had discretion to impose consecutive sentences to reflect the separate criminal acts and the distinct harm caused by Curry's conduct. ***See Prisk***, 13 A.3d at 533 (recognizing that a challenge to consecutive sentences as excessive may be meritless in light of violent criminal conduct); ***see also Commonwealth v. Berry***, 2026 WL 673038 at *5 (Pa. Super. Mar. 10, 2026) (non-precedential memorandum) (explaining "the fact that the trial court made [guideline range] sentences consecutive does not make them aggravated, nor does it show an abuse of discretion") (citation omitted).[4] Accordingly, Curry has not shown the trial court abused its discretion by ordering his sentences to run consecutively or discounting mitigating factors.

Curry next argues the court abused its discretion by sentencing him at or near the top of the standard range. ***See*** Curry's Brief at 18-20. He asserts the sentence was "inappropriate" because "the punishment does not fit the crimes." ***Id***. at 20.

The trial court carefully considered Curry's guilty plea, acceptance of responsibility, and family support, reviewed the PSI, and expressly discussed mitigating factors. ***See*** N.T., 8/26/25, at 30-32. The court weighed those considerations against the seriousness of technology-facilitated sexual abuse, the victim's vulnerability, the need to protect children, the substantial impact on the victim and her family, and the need for punishment and deterrence. ***See id***. at 31-32.

---

[4] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

Curry does not show that the application of the guidelines was clearly unreasonable in this case. As mentioned above, the trial court imposed a standard-range sentence and considered, among other things, the PSI and mitigating factors. *See Moury*, 992 A.2d at 171 (explaining combination of PSI and standard-range sentence, absent more, cannot be considered excessive or unreasonable); *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. Super. 1988); *see also Commonwealth v. Verma*, 334 A.3d 941, 950 (Pa. Super. 2025) (concluding trial court did not abuse its discretion where it considered mitigation, the PSI, applicable sentencing guidelines, and relevant sentencing factors before imposing standard-range sentences). Speculation that the court weighed mitigating facts less heavily than Curry desired is not a circumstance where the application of the guidelines would be clearly unreasonable and warrants vacating his sentence. *See* Pa.C.S.A. § 9781(c)(2); *Commonwealth v. Proctor*, 156 A.3d 261, 274 (Pa. Super. 2017). Thus, we discern no basis to conclude that the trial court's application of the guidelines was clearly unreasonable, and his second claim is meritless. *See* 42 Pa.C.S.A. § 9781(c)(2), (d).

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 07/14/2026